# IN THE SUPREME COURT OF THE STATE OF NEVADA

DAVIN M. TONEY,
Appellant,
vs.
BRIAN WILLIAMS, WARDEN,
Respondent.

No. 76765

**FILED**

FEB 20 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is a pro se appeal from a district court order denying Davin Toney's postconviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Linda Marie Bell, Judge.

Toney argues that the district court erred in concluding that NRS 209.4465(8)(d) precludes respondent from applying the credits that Toney earns under NRS 209.4465 to the minimum term of his sentence. We disagree. Because Toney was convicted of category B felonies (robbery and burglary) that were committed in 2017, NRS 209.4465(8)(d) applies. NRS 209.4465(8)(d) excludes Toney from NRS 209.4465(7)(b), which otherwise would allow respondent to apply the credits to the minimum term of Toney's sentence. *See Williams v. Nev., Dep't of Corr.*, 133 Nev., Adv. Op. 75, 402 P.3d 1260, 1264 n.6 (2017) (noting NRS 209.4465(8)'s limitation on NRS 209.4465(7)(b) for certain offenses committed after the effective date of the 2007 amendments). Contrary to Toney's argument, NRS 209.4465(8)(d) is

---

[1]Having considered the pro se brief filed by Toney, we conclude that a response is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

19·07793

not vague; its plain language clearly states the Legislature's intent that statutory credits *not* be applied to the minimum term of sentences for category A and B felonies regardless of whether the sentencing statute specifies a minimum term that must be served before the offender is eligible for parole. And because the relevant language in NRS 209.4465(8)(d) took effect *before* Toney committed the offenses at issue, the statute is not being applied retroactively in violation of the Ex Post Facto Clause. *See Weaver v. Graham*, 450 U.S. 24, 29 (1981) (explaining that one of the two "critical elements [that] must be present for a criminal or penal law to be *ex post facto* [is that] it must be retrospective, that is, it must apply to events occurring before its enactment"). For these reasons, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

cc: Hon. Linda Marie Bell, Chief Judge
Davin M. Toney
Attorney General/Las Vegas
Eighth District Court Clerk